# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCELLOUS L. WALKER,

    Plaintiff,

v.                                                                                     Case No. 18-C-612

SANDY MCARDLE, *et al.*,

    Defendants.

## ORDER

Plaintiff, who is representing himself, filed a complaint under 42 U.S.C. § 1983. The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints filed by prisoners to ensure they state a claim upon which relief may be granted and are not frivolous or malicious. 28 U.S.C. § 1915A.

On June 19, 2018, U.S. Magistrate Judge William Duffin screened plaintiff's amended complaint. Although defendants had not yet been served with the amended complaint, the Wisconsin Department of Justice consented to the limited exercise of magistrate judge jurisdiction over those defendants employed by the State as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and the court. Judge Duffin dismissed defendants Gary Boughton, Mark Kartmann, Lebbeus Brown, Matthew Scullion, and John and Jane Doe correctional officers based on plaintiff's failure to state a claim against them. Judge Duffin allowed plaintiff to proceed on claims against defendants Laverne Wallace and Shelly Hill, and he ordered that they be served with the amended complaint and his screening order.

Defendants Sandy McArdle and John Doe healthcare provider are not employed by the State, so they are not subject to the court's Memorandum of Understanding with the Department of Justice. Because they have not had the opportunity to consent to magistrate judge jurisdiction, Judge Duffin referred his recommendations regarding those defendants to the district court for a decision. Judge Duffin notified plaintiff that he had fourteen days to file written objections to his recommendations. The case was randomly referred to this court for a decision on Judge Duffin's report and recommendation. Before the fourteen days had passed, some of the parties refused to consent to full magistrate judge jurisdiction. Accordingly, the case was randomly reassigned to a district court judge. That random reassignment also went to this court.

On July 5, 2018, plaintiff filed his objections to Judge Duffin's screening order. Although plaintiff was instructed to file objections only to Judge Duffin's recommendations regarding McArdle and John Doe healthcare provider, he filed objections both to Judge Duffin's decisions regarding the State-employed defendants and to his recommendations regarding McArdle and John Doe healthcare provider. The court will consider plaintiff's objections to Judge Duffin's recommendations and will construe his remaining objections as a request for reconsideration of Judge Duffin's screening order.

**1. Plaintiff's Objections to Judge Duffin's Recommendations**

Federal Rule of Civil Procedure Rule 72(b) allows a party who disagrees with a magistrate judge's report and recommendation to file written specific objections. The district court judge must make a de novo determination of those portions of the magistrate judge's decision to which the party specifically objects. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "If no objections or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Id.* (citations omitted).

Judge Duffin recommended that plaintiff be allowed to proceed on a deliberate indifference claim against McArdle based on plaintiff's allegations that McArdle failed to warn plaintiff about the side effects of Ondansetron. ECF No. 14 at 17. He also recommended allowing plaintiff to proceed on a state law claim for informed consent. *Id.* However, he recommended that plaintiff not be allowed to proceed on a deliberate indifference claim based on McArdle's alleged disagreement with plaintiff about the cause of his symptoms. *Id.* at 18. Judge Duffin explained that disagreeing with an official's medical judgment cannot form the basis of a deliberate indifference claim. *Id.* He further pointed out that McArdle had referred plaintiff to a psychiatric care nurse for further treatment, which demonstrated that she did not ignore plaintiff's symptoms, but exercised her professional judgment in determining how to best address them. *Id.* Plaintiff disagrees with Judge Duffin's analysis, ECF No. 18 at 4-5, but this court does not. The court agrees that plaintiff fails to state a deliberate indifference claim against McArdle on these allegations for the reasons stated by Judge Duffin.

The court also agrees that plaintiff fails to state a deliberate indifference claim against McArdle based on his allegations that McArdle did not "establish a monitoring regiment" after plaintiff began to take a common medication for nausea. ECF No. 14 at 19. To state a claim under these circumstances, a plaintiff must set forth factual allegations to support a reasonable inference that the plaintiff had a significant risk of developing particular side effects and that the defendant knew the plaintiff had a significant risk of developing those side effects. *See Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 367 (7th Cir. 2013). Plaintiff's complaint does not contain sufficient factual matter to support such an inference, so he fails to state a claim.

3

Finally, the court agrees with Judge Duffin's recommendation that plaintiff fails to state a claim against John Doe healthcare provider for negligent training, retention and supervision. Plaintiff merely sets forth the elements of the claim without any factual support. As the U.S. Supreme Court has explained, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

Plaintiff explains that he "has not had a reasonable opportunity to discover whether or not McArdle was simply providing health care services 'under the direction and supervision of a physician or a nurse anesthetist' or, if she herself is also a 'physician or a nurse anesthetist.'" ECF No. 18-1 at 10. Plaintiff asserts that, depending on which it is, Wisconsin statutes require that he sue McArdle's employer rather than her. Plaintiff concedes that he does not know whether Wisconsin statutes require that he sue McArdle's employer, so the court will not allow him to proceed against it at this time. After McArdle responds to plaintiff's complaint, the court will set a deadline for the completion of discovery. If during discovery plaintiff obtains information that leads him to believe he is statutorily required to sue McArdle's employer, he may file a motion to amend his complaint to name the John Doe healthcare provider, and the court will consider it at that time.

**2. Plaintiff's Request for Reconsideration of Judge Duffin's Screening Order**

Under Rule 54(b), an order adjudicating "fewer than all the claims or rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In those circumstances, motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264,

4

1269 (7th Cir. 1996). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Plaintiff does not identify a "manifest error" of law or fact; he merely disagrees with Judge Duffin's analysis. With regard to plaintiff's claim that Boughton, Kartmann, and Brown were negligent because they failed to better mark the recreation cages, Judge Duffin explained that the harm plaintiff suffered was caused by his decision to hang himself, not by how the recreation cages were marked. ECF No. 14 at 14. Plaintiff's arguments to the contrary are unavailing. The court sees no error in Judge Duffin's order with respect to this claim.

The court also agrees with Judge Duffin's decision that plaintiff fails to state a claim against Hill in connection with his allegations that she failed to properly search him before taking him to the recreation cages. As Judge Duffin noted, plaintiff acknowledges that he concealed the sheet from Hill by wrapping it around his body and hiding the knots under his armpits and that he never notified Hill that he was having thoughts of harming himself. She cannot have been deliberately indifferent to a risk she did not know about, and, in any event, as has been repeatedly noted, plaintiff was harmed by his own decision to hang himself, not by any alleged missteps by Hill. The court sees no error in Judge Duffin's order with respect to these claims.

Finally, the court sees no error in Judge Duffin's order with respect to his dismissal of the John Doe correctional officers. Plaintiff alleges that, as he was losing consciousness, he overheard another inmate talking to a correctional officer and that a few minutes later he was cut down by first responders. The only reasonable inference is that the correctional officers timely responded to the inmate's alert that plaintiff needed help.

**IT IS THEREFORE ORDERED** that the court **ADOPTS** Magistrate Judge Duffin's Report and Recommendation (ECF No. 14).

**IT IS FURTHER ORDERED** that John Doe healthcare provider is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint (ECF No. 12), the screening order (ECF No. 14), and this order upon defendant Sandy McArdle pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendant McArdle shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's request that the court reconsider Magistrate Judge Duffin's screening order (ECF Nos. 18, 18-1) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Signed this 24th day of July, 2018.

s/William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court