# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCELLOUS L. WALKER,

        Plaintiff,

v.                                                                                     Case No. 18-C-612

SANDY MCARDLE, *et al.*,

        Defendants.

## ORDER

On September 27, 2018, the court granted defendant Injured Patients and Family Compensation Fund's (the Fund) motion to dismiss for failure to state a claim, in part, because the plaintiff did not oppose the motion. ECF No. 42. A few days later, plaintiff filed a motion to amend or alter the judgment, explaining that he never received the Fund's motion. The court gave plaintiff an opportunity to respond to the motion and informed plaintiff that it would decide his motion after reviewing his response. On October 16, 2018, plaintiff filed a letter, conceding that there is "no set of circumstances under which [he] could reasonably prevail at summary judgment *or trial* against the Fund." ECF No. 54. Accordingly, the court will deny plaintiff's motion to amend or alter the judgment, ECF No. 43.

On October 2, 2018, plaintiff filed a motion for leave to file a second amended complaint; he filed a supplement to his proposed second amended complaint a couple of weeks later. ECF Nos. 48, 54. As required by Civil L.R. 15, plaintiff identified the handful of changes he proposes making in his second amended complaint. Plaintiff explains that he has removed the damage amounts with

regard to all state law negligence/malpractice claims; he has removed Boughton, Kartman, Brown, and Scullion as defendants (in the supplement to his second amended complaint he also removes the Fund as a defendant); he adds defendant McArdle's employer, Maxim Physician Resources, as a defendant (in the supplement to his second amended complaint he also adds John Doe Healthcare Insurer); and he revises a handful of allegations, which the court will address below.

Fed. R. Civ. P. 15 requires courts to "freely give leave [to amend] when justice so requires." Accordingly, the court will grant plaintiff's motion. The clerk's office will docket plaintiff's second amended complaint (ECF No. 48-1) along with his supplement to the second amended complaint (ECF No. 54-1) as the operative complaint in this case. The court generally does not allow plaintiffs to supplement their complaints piecemeal. To avoid confusion, the court prefers that all allegations be contained in a single document; however, the only addition made in plaintiff's supplement is to add John Doe Healthcare Insurer in place of the Fund. Given the limited change, the court will allow him to proceed on both the second amended complaint and the supplement to the second amended complaint so as to avoid further delaying this case and draining plaintiff's limited resources. The court will screen plaintiff's second amended complaint and the supplement as required by 28 U.S.C. § 1915.

Plaintiff's second amended complaint is largely unchanged. Accordingly, plaintiff may proceed against Wallace, Hill, and McArdle as outlined in U.S. Magistrate Judge William Duffin's (the judge originally assigned to the case) Screening Order/Report and Recommendation (ECF Nos. 13, 14) and this court's order adopting the Report and Recommendation (ECF No. 21). Because plaintiff is proceeding against McArdle on state law negligence claims, he may also proceed against Maxim Physician Resources under a theory of *respondeat superior*; however, for reasons already

2

explained, he fails to state an independent negligence claim against Maxim. *See* ECF No. 13 at 19; ECF No. 21 at 4. The court will also allow plaintiff to join John Doe Healthcare Insurer as a defendant under Wis. Stat. § 803.04(2). Plaintiff must use discovery to learn the name of the insurer. After he learns the insurer's name, he should file a motion to substitute the name for the Doe placeholder.

Plaintiff continues to fail to state a negligence claim against Hill based on his revised allegations that "she failed to perform [a] proper search of [him] contrary to department and facility policy and her training, not searching the areas inside, over his shoulders or underneath his arms." ECF No. 48-1 at ¶ 62. As the court has already explained, even assuming Hill did not conduct a proper search, her failure to find the sheet that plaintiff concealed from her is not what caused plaintiff's injury; his injury was caused by his decision to conceal the sheet from her and then use the sheet to hang himself. ECF No. 21 at 5; ECF No. 13 at 15.

Plaintiff also fails to state a deliberate indifference claim against McArdle in connection with his allegations that, after he notified her that his hallucinations might be a side effect of Ondansetron, she referred him to a psychiatric nurse practitioner rather than "attempting to diagnose or treat him herself though she was in a position to do so." ECF No. 48-1 at ¶ 111. As Judge Duffin explained, "McArdle did not ignore [plaintiff's] complaints; she exercised her professional judgment and referred him to someone who she believed could better treat his symptoms." ECF No. 14 at 18. Plaintiff's minor changes to his allegations do not affect that analysis.

Plaintiff also fails to state a due process claim against McArdle based on his allegations that she failed "to secure [his] informed consent to treatment." ECF No. 48-1 at ¶ 130. Plaintiff is already proceeding against McArdle on a deliberate indifference claim based on his allegations that

she failed to warn him about the side effects of Ondansetron and on a state law claim for informed consent. ECF No. 13 at 17-18. The court will not allow plaintiff to expand his claims by attaching an additional constitutional label to them. *Lindell v. Huibregste,* 205 F. Appx. 446, 449-50 (7th Cir. 2006)*; Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) ("constitutional claims must be addressed under the most applicable provision").

Finally, plaintiff asserts that the court has jurisdiction over this case under 28 U.S.C. § 1332 because the parties are citizens of different states. Plaintiff is incorrect. For § 1332 to apply, there must be diversity of citizenship between all the parties on one side and all the parties on the other side. Here, plaintiff and many of the defendants are citizens of Wisconsin, so complete diversity does not exist. In any event, the court has jurisdiction over plaintiff's federal claims and has exercised supplemental jurisdiction over his state law claims.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend or Alter Judgment (ECF No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a second amended complaint (ECF No. 48) is **GRANTED**. Consistent with Civil L.R. 15(c), the clerk's office will docket the second amended complaint (ECF No. 48-1) and the supplement to the second amended complaint (ECF No. 54-1) as the operative complaint in this case. The clerk's office will identify Maxim Physician Resources and John Doe Healthcare Insurer as defendants on the docket.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of plaintiff's second amended complaint (ECF No. 48-1), plaintiff's supplement to his second amended complaint (ECF No. 54-1), Judge Duffin's Screening Order/Report and Recommendations (ECF No. 14), the court's order adopting the Report and Recommendations (ECF No. 21), and this order upon

defendant Maxim Physician Resources pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendant Maxim Physician Resources shall file a responsive pleading to plaintiff's second amended complaint.

Signed in Green Bay, Wisconsin, this 24th day of October, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court