UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MARCELLOUS L. WALKER,

        Plaintiff,

v.                                                       Case No. 18-C-612

SANDY MCARDLE, et al.,

        Defendants.

_____

**ORDER**

_____

On April 15, 2019, defendants Sandy McArdle and Maxim Physician Resources filed a motion for summary judgment. In support of their motion, they submitted two pages of plaintiff Marcellous Walker's medical records, which they move to restrict the viewing of to the court and the case participants. The defendants assert that individuals have a general interest in keeping their personal health information private.

The court will deny the motion to restrict the documents. A person's general interest in keeping medical information private does not necessarily override the public's interest in having access to that information. Walker placed his medical conditions at issue in this case, and the defendants filed these limited records because the information contained therein may "influence or underpin the judicial decision" on those issues. *See Hale v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-36, 2014 WL 7425761, at *2 (S.D. Ind. Dec. 30, 2014) (relying on *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). It is important that the public have access not only to the court's decision but also to the evidence upon which the court's decision is made. In short, while

many litigants would prefer that their private medical information be kept from the public, that preference, without more, is insufficient to overcome the long-standing tradition that litigation be open to the public. *Id.* (citing *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000)).

Next, on April 18, 2019, McArdle and Maxim filed a motion to strike or disregard Walker's supplemental response/disclosure to his deposition. They explain that Walker did not comply with Federal Rule of Civil Procedure 30(e) and that his proposed changes are substantive in nature and therefore are impermissible under Seventh Circuit precedent. The court will deny the motion as premature. Walker mailed his supplemental response/disclosure directly to the defendants; he did not file it with the court. Because Walker's supplemental response/disclosure is not part of the record, there is nothing for the court to strike or disregard.

Finally, on April 19, 2019, Walker filed his third motion to appoint counsel and for an expert. The court will not appoint an expert because the court has no need for an expert at this time. *See Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014) ("A court may appoint an expert to help sort through conflicting evidence."). The mere fact that Walker wants an expert but is unable to afford one does not require that the court appoint one for his benefit. *See id.* (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008), for the proposition that "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant").

The court also will not recruit a lawyer to represent Walker. Walker's motion rehashes arguments that the court has already addressed. It is clear that he wants a lawyer to represent him and that he believes a lawyer will do a better job than he will, but that is not the standard the court uses to determine whether to recruit a lawyer to represent a pro se plaintiff. As the court has already informed Walker, the question the court must address is: "given the difficulty of the case, does the

plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). In essence, a court must recruit counsel only if "the difficulty of the case—both factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In light of this standard and the court's assessment of Walker's skills and abilities, the court believes that Walker is capable of responding to McArdle and Maxim's summary judgment motion on his own.

When responding to the motion, Walker must address each of McArdle and Maxim's proposed findings of fact by agreeing with the proposed fact or explaining why he disagrees with it. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Walker must support any disagreement with a proposed fact with evidence. He can do that by relying on documents or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. § 1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. Walker must also respond to the legal arguments in the supporting brief.

Walker's materials in response to the summary judgment motion are due on May 15, 2019. In his motion to appoint counsel, Walker mentions that he is being treated for anxiety, which often impedes or interferes with his ability to function. Accordingly, although Walker has not moved for additional time to respond to summary judgment the motion, the court will extend his response

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

deadline to May 31, 2019. If Walker needs additional time, he may file a motion explaining how much additional time he needs and why he needs it.

**IT IS THEREFORE ORDERED** that McArdle and Maxim's motion to restrict documents (Dkt No. 97) is **DENIED**.

**IT IS FURTHER ORDERED** that McArdle and Maxim's motion to strike or disregard plaintiff's errata sheet (Dkt No. 103) is **DENIED**.

**IT IS FURTHER ORDERED** that Walker's third motion to appoint counsel and an expert (Dkt No. 105) is **DENIED**.

**IT IS FURTHER ORDERED** that Walker's deadline to respond to McArdle and Maxim's summary judgment motion is extended to May 31, 2019.

Signed in Green Bay, Wisconsin, this 30th day of April, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court